IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



RONALD KING, §
 §
 Applicant, §
 §
VS. § NO. 4:18-CV-868-A
 §
ERIC A. WILSON, WARDEN, §
 §
 Respondent. §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the application[1] of Ronald King ("King") for a writ of habeas corpus under 28 U.S.C. § 2241. The court, having considered the application, the memorandum in support, the record, and applicable authorities, finds that the application is really a successive motion under 28 U.S.C. § 2255 over which the court lacks jurisdiction.

I.

### Application

On October 22, 2018, King filed his application, asserting as the sole ground: "Mr. King Is Actually Innocent Of The Charges As Indicted, Convicted and Sentenced." Doc.[2] 1 at PageID[3] 4. The

---

[1] The document filed by applicant reflects that it is a "petition" and that he is "petitioner." However, the statute itself, 28 U.S.C. §2241, refers to "application" as being the proper nomenclature.

[2] The "Doc. __" reference is to the number of the item on the docket in this action.

[3] The "PageID __" reference is to the page number assigned by the court's electronic filing
(continued...)

application reflects that King has twice unsuccessfully filed motions under § 2255 in the United States District Court for the Western District of Louisiana, where he was convicted. <u>United States v. King</u>, No. 5:06-cr-50096-SMH-MLH. He contends that he is entitled to proceed under § 2241 because he is actually innocent and satisfies the savings clause of 28 U.S.C. § 2255(e).

II.

Background

On December 20, 2006, King, along with others, was named in a third superseding indictment, charging him in Count 1 with conspiracy to possess with intent to distribute five kilograms of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and in Count 2 with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956. La. Doc.[4] 96. King was convicted by a jury in March 2007. La. Doc. 142. By judgment entered June 26, 2007, King was sentenced to a term of imprisonment of 400 months as to Count 1 and 240 months as to Count 2, to run concurrently. La. Doc. 169. King appealed, La. Doc. 170, and the judgment and sentence were affirmed. La. Doc. 195. By order signed May 25, 2017, the

---

[3](...continued)
system.

[4]The "La. Doc. ___" reference is to the number of the item on the docket in the underlying criminal case in the Western District of Louisiana, No. 5:06-cr-50096-SMH-MLH.

trial court reduced King's sentence as to Count 1 to a term of 360 months. La. Doc. 278.

III.

## Applicable Legal Principles

An application for writ of habeas corpus under 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 serve distinct purposes. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 is used to challenge errors that occurred during or before sentencing. Id.; Ojo v. I.N.S., 106 F.3d 680, 683 (5th Cir. 1997). Section 2241 is a means of attacking the manner in which a sentence is executed. Pack, 218 F.3d at 451; Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). A § 2241 application that challenges the validity of a conviction and sentence is ordinarily dismissed or construed as a § 2255 motion. Pack, 218 F.3d at 452.

A federal prisoner may challenge the legality of his detention under § 2241 if he falls within the "savings clause"

of § 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Hence, the court may consider a petition attacking a sentence under § 2241 "*if* the petitioner establishes that the remedy under § 2255 is inadequate or ineffective." Tolliver, 211 F.3d at 878 (emphasis in original).

The bar against filing successive § 2255 motions does not render § 2255 inadequate or ineffective so as to allow a petitioner to invoke the savings clause of § 2255. Tolliver, 211 F.3d at 878. Nor does the time bar, the one-year limitations period, for filing such motions. Pack, 218 F.3d at 452. Instead, the savings clause of § 2255 applies only to a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir.

4

2001). The first prong is generally considered the "actual innocence" requirement. Id.

When an applicant cannot satisfy the savings clause, the proper disposition is dismissal of the § 2241 application for want of jurisdiction. Christopher v. Miles, 342 F.3d 378, 379, 385 (5th Cir. 2003); Lang v. Wilson, No. 4:16-CV-1018-), 2018 WL 684890, at *3 (N.D. Tex. Feb. 1, 2018).

IV.

Analysis

A study of the memorandum submitted in support of King's application discloses that his claim of actual innocence is not based on a new holding, i.e., a retroactively applicable decision, of the Supreme Court establishing that King was convicted of a nonexistent offense. See Reyes-Requena, 243 F.3d at 904 (citing cases). Rather, King argues that he should not have been convicted, relying on arguments he urged on appeal and again in his prior § 2255 motions. Among other things, he says his conviction was obtained based on perjured testimony. See, e.g., Doc. 2 at 20. Accordingly, the savings clause does not apply and King has not shown that he is entitled to proceed through § 2241.

V.

Order

The court ORDERS that King's application under 28 U.S.C. § 2241 be, and is hereby, dismissed for lack of jurisdiction.

SIGNED November 7, 2018.

JOHN McBRYDE
United States District Judge